UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                Case No.: 17-13160-7

MARK A. DOWNING,

        Debtor.

---

LOGAN D. SCHULTZ,
MELISSA I. SCHULTZ, and
ALEXANDRIA M. SCHULTZ,

        Plaintiffs,
    v.                                                                Adversary No.: 17-112

MARK A. DOWNING,

        Defendant.

---

## **DECISION**

    Defendant Mark Downing filed a voluntary Chapter 7 petition. Plaintiffs filed this adversary asking that a judgment against Defendant be declared nondischargeable under 11 U.S.C. § 523(a)(6). Plaintiffs moved for summary judgment and briefing is complete.

    Defendant shot and killed Plaintiffs' father, Bryan D. Schultz. He was charged with second-degree intentional homicide under Wis. Stat. § 940.05(1)(b). He pleaded guilty, was convicted of the charges, and sentenced to 25 years in prison.

    Plaintiffs filed a civil suit against Defendant seeking damages for the loss of society and companionship and educational and other financial support as a result of their father's death. In that case, the Plaintiffs, Defendant, and

Defendant's attorney signed a Stipulation for Judgment Concerning Mark A. Downing and Judgment ("Stipulation"). The Stipulation stated that "[Defendant] admits that his act of shooting Bryan D. Schultz was an *intentional, willful* and *malicious* act." (emphasis added).

Following a hearing, the Circuit Court entered an Order approving the settlement and issued a Judgment in the amount of $150,524.24 ("Judgment"). The Judgment found Defendant liable to Plaintiffs for the death of their father. It also concluded his actions were intentional, willful, and malicious.

Plaintiffs argue the Stipulation and Judgment are clear and establish the elements for nondischargeability under section 523(a)(6). Defendant argues the Judgment should not bind this Court for purposes of section 523(a)(6). He posits second-degree intentional homicide is "in essence" manslaughter and so does not require a finding of malice. He also argues his guilty plea eliminated any trial record and that at the time the Judgment was rendered he was in prison and did not wish to contest the civil matter.

## DISCUSSION

1. <u>Wis. Stat. § 940.05(1)(b) – Second-Degree Intentional Homicide</u>

In 1987, the Wisconsin legislature revised its statutory homicide offenses. Manslaughter was deleted from the statutes. The legislature divided homicide offenses into intentional and reckless categories with two degrees of each, including the offense of second-degree intentional homicide. Wis. Judicial Council Committee Note – 1987 S.B. 191. At the time of his conviction, the statute read:

2

> (1) Whoever causes the death of another human being with intent to kill that person or another is guilty of a Class B felony if:
>
>> (a) In prosecutions under s. 940.01, the state fails to prove beyond a reasonable doubt that the mitigating circumstances specified in s. 940.01(2) did not exist as required by s. 940.01(3); or
>>
>> (b) The state concedes that it is unable to prove beyond a reasonable doubt that the mitigating circumstances specified in s. 940.01(2) did not exist.

Wis. Stat. § 940.05.

Under the revised statute, Defendant correctly notes the state court need not have found his actions were malicious. Instead, the prosecutor needed only prove Defendant's actions were done with an intent to kill. For that reason, he argues, this Court's decision on whether his conduct was malicious is not bound by his conviction.[1]

To begin, the state court's determination that Defendant's actions were intentional binds this Court. His conviction mandated a finding of intent. His admission in the Stipulation confirms that conclusion. No evidence is in the record to suggest that Defendant acted without intent. This Court cannot ignore that the conviction, Stipulation, and Judgment are all based on and admit the Defendant's acts were intentional.

---

[1] Defendant asserts the prosecutor did not pursue first-degree intentional homicide because the homicide was committed "under the influence of adequate provocation"—an affirmative defense to first-degree homicide under Wis. Stat. § 940.01(2)(a). There is nothing in the record here about "adequate provocation." That said, as noted, the conviction compels a finding the act was intentional.

    2.    <u>Willful and Malicious Injury under 11 U.S.C. § 523(a)(6)</u>

Bankruptcy relief is designed for the "honest but unfortunate debtor," and Congress crafted the exceptions to discharge with that limitation in mind. *Brown v. Felsen*, 442 U.S. 127, 128 (1979); *DeAngelis v. Von Kiel (In re Von Kiel)*, 461 B.R. 323, 332 (Bankr. E.D. Pa. 2012). Nonetheless, in keeping with the Bankruptcy Code's concept of a "fresh start," exceptions to discharge are to be construed strictly against the creditor and liberally in favor of the debtor. *See In re Crosswhite*, 148 F.3d 879, 881 (7th Cir. 1998); *In re Scarlata,* 979 F.2d 521, 524 (7th Cir. 1992).

Section 523(a)(6) excludes from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." To show willful and malicious injury, Plaintiff must show:

(1) Defendant acted willfully;

(2) Defendant acted maliciously; and

(3) Defendant's willful and malicious actions caused injury to the Plaintiff's property.

*Owens v. Powell* (*In re Powell*), 567 B.R. 429, 434 (Bankr. N.D.N.Y. 2017).

The Code does not define "willful" or "malicious," but the legislative history of 11 U.S.C. § 523(a)(6) suggests that "willful" in this context means deliberate or intentional. Thus, a finding that Defendant's conduct was "willful" requires this Court to find Defendant acted with the knowledge that damage would result. *In re Kaufmann,* 57 B.R. 644, 647 (Bankr. E.D. Wis. 1986); *see*

*also Kawaauhau v. Geiger,* 523 U.S. 57, 61-62 (1998). "Willful" is also described in this context as intentional.

On the other hand, "malice" for purposes of 523(a)(6) has been defined as "conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994). Plaintiff bears the burden of proving all the elements of the exception to discharge by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 287-88 (1991).

The conviction, Stipulation, and Judgment satisfy all the elements of section 523(a)(6). Defendant was convicted of second-degree intentional homicide. This required the state court to find Defendant acted intentionally. Second-degree intentional homicide is, by definition, intentional and not merely reckless. Defendant signed a Stipulation admitting "his act of shooting Bryan D. Schultz was an 'intentional, willful and malicious act.'" He was represented by counsel when he signed the Stipulation.

The Order Approving Settlement and the Judgment conclude "that Mark Downing's act of shooting Bryan D. Schultz was an intentional, willful and malicious act." Regardless of the statutory requirements for his conviction, it is clear Defendant admitted his actions were willful and malicious in the civil case. Based on that admission, the state court rendered a Judgment that held Defendant's actions were willful and malicious. Every element of section 523(a)(6) has therefore been satisfied by the Stipulation and Judgment. The

only question left is whether the conviction or Judgment are binding on this Court.

    3.   <u>Preclusion</u>

Federal courts must recognize the preclusive effect of previous state court judgments under the doctrine of claim preclusion and the principle of full faith and credit. *See Dollie's Playhouse, Inc. v. Nable Excavating, Inc. (In re Dollie's Playhouse, Inc.)*, 481 F.3d 998, 1000 (7th Cir. 2007). The doctrine of issue preclusion prevents relitigation of an issue decided by a court when the parties enjoyed a full and fair opportunity to litigate that issue. Defendant cannot now relitigate the issue from the state court to get a more favorable decision. *Morris v. Cunningham (In re Cunningham)*, 355 B.R. 913, 915 (Bankr. N.D. Ga. 2006).

And federal courts must apply the doctrine of issue preclusion as formulated by the forum state. 28 U.S.C. § 1738; *Stephan v. Rocky Mountain Chocolate Factory*, 136 F.3d 1134, 1136 (7th Cir. 1998); *Bukowski v. Patel*, 266 B.R. 838, 842 (E.D. Wis. 2001) (*citing In re Bulic*, 997 F.2d 299, 304 n.6 (7th Cir. 1993)). Thus, the Court will apply Wisconsin law to determine whether issue preclusion applies here.

In Wisconsin, there are three elements of claim preclusion: "(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits." *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 21, 279 Wis. 2d 520, 531, 694 N.W.2d 879 (Wis. 2005). Plaintiffs

have satisfied the first two elements: the parties in this and the civil case are identical, and the prior litigation resulted in a final judgment.

Defendant argues the final element for claim preclusion has not been satisfied. His position is (1) his conviction for second-degree intentional homicide did not require a finding of malice, (2) the state court conclusions in the Judgment are insufficient, and (3) his admission that his actions were "intentional, willful, and malicious" do not equate with a finding that he caused a willful and malicious injury under section 523(a)(6). His opposition to summary judgment could also be construed as challenging the first part of the issue preclusion test—whether the issue was actually and necessarily determined.

No matter how his challenge is construed, the main issue is whether issue preclusion controls the dischargeability of the Judgment under section 523(a)(6). The Bankruptcy Code provides: "A discharge [under the bankruptcy laws] does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). As a result, Defendant cannot discharge the Judgment if the state court concluded the conduct supporting that Judgment was willful and malicious.

Defendant asserts that though his conduct may have been intentional, it was not malicious because he did not intend for Plaintiffs' father to die. For a finding in Plaintiffs' favor, therefore, Defendant argues this Court must make a factual finding on whether he intended the death of Plaintiffs' father.

7

The Court pauses to reiterate and emphasize that the Judgment was entered pursuant to a Stipulation. Defendant was represented by counsel and had the opportunity to litigate and defend against the civil claim. Instead of pursuing a defense, he settled. The Stipulation—signed by him and his attorney—states that he acknowledged his actions in committing the murder were "intentional, willful and malicious." Pursuant to Defendant's own admission, the state court found his actions were willful and malicious in the civil proceedings and Judgment.

Turning to the matter at hand, it is clear Defendant intended to harm Plaintiffs' father and that his actions were willful and malicious. In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the Supreme Court redefined the statutory element of "willfulness" in a unanimous opinion. The Court opined*:*

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. . . . Moreover, . . . the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Id.* at 61-62 (*quoting Restatement (Second) of Torts* § 8A, Comment a, p. 15 (1964)) (emphasis added). The Supreme Court went on to hold that "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Id.* at 64.

Defendant was convicted for *intentionally* killing Plaintiffs' father. A willful act is intentional or deliberate. The requisite culpability of second-degree intentional homicide described as causing death "with intent to kill" is the

8

equivalent of willful conduct for purposes of section 523(a)(6). It is bizarre to suggest, as Defendant does, that intent to kill need not include intent to cause harm or injury. By virtually any definition, an intent to kill is also an intent to harm. At a minimum, Defendant knew there was a strong probability that shooting Plaintiffs' father would cause him death or grave bodily injury. In that circumstance it would be absurd to conclude the injury resulting from murder was not intended.

Defendant pleaded guilty to an intentional homicide. He also stipulated in the civil matter that his act was intentional, and the Judgment so concludes. Based on the conviction, Stipulation, and the Judgment, there is no doubt his actions were intentional.

Malicious conduct does not require a finding of ill will or a desire that the Plaintiffs' father die. Instead, it is conduct that is certain or almost certain to cause harm or is without just cause or excuse. Defendant's conduct resulted in inevitable injury and, in this instance, death. He has not articulated a valid justification or excuse and, indeed, he stipulated that his conduct was malicious.

The civil suit asserted Defendant's actions were willful and malicious. Those are the same claims before this Court. He had the opportunity to litigate the issues in state court. He had counsel. He decided not to litigate but, instead, to settle by entering a Stipulation. If he was unhappy with the Stipulation, he could have negotiated different terms or litigated the issue. He cannot now attempt to relitigate the issue in the Bankruptcy Court. Based on

the facts and record before the Court, relitigation of the Judgment is precluded, and the conclusion that Defendant's actions were intentional, willful, and malicious are binding on this Court.

## CONCLUSION

The Judgment issued by the Circuit Court specifically confirms the two elements—willful and malicious—that must be proven to deny discharge under 11 U.S.C. § 523(a)(6). The elements of section 523(a)(6) were established by the state court Judgment. Defendant is precluded from relitigating whether he acted willfully and maliciously.

The Plaintiffs' Motion for Summary Judgment is granted. The debt is nondischargeable.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated:  June 19, 2018

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge